PILLSBURY WINTHROP SHAW PITTMAN LLP
Maria T. Galeno, Esq. (MG-6189)
John E. Davis, Esq. (JD-1445)
1540 Broadway
New York, New York 10036
Telephone: (212) 858-1000
Telefax: (212) 858-1500

*Attorneys for Respondent Cambridge Display Technology, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUNNYSIDE DEVELOPMENT COMPANY, LLC<br><br>               Petitioner,<br><br>      -against-<br><br>BANK OF NEW YORK (as escrow agent),<br>CAMBRIDGE DISPLAY TECHNOLOGY, INC., and<br>OPSYS MANAGEMENT LIMITED,<br><br>              Respondents. | Case No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that respondent Cambridge Display Technology, Inc.

("CDT Inc."), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441 and

1446, and with the consent of all other respondents hereto (as detailed below), respectfully

submits this Notice of Removal of this action from the Supreme Court of the State of New York,

County of New York (Civil Index No. 113409-07), in which this action is pending, to the United

States District Court for the Southern District of New York, being the district embracing the

place where the action is pending. In support of this Notice of Removal, CDT Inc. states as

follows:

## BACKGROUND OF THE LITIGATION

### The Related California Federal Action

1.     This action relates to an action pending in the United States District Court for the Northern District of California entitled *Sunnyside Development Company, LLC v. Opsys Limited, a United Kingdom Company, and CDT Limited, a UK Company,* No. C-05-0553-MHP (N.D. Cal.), filed February 7, 2005 (the "California Federal Action").

2.     Petitioner, Sunnyside Development Company, LLC ("Sunnyside" or "Petitioner"), brought the California Federal Action against Opsys Limited ("Opsys") for breach of a lease agreement.  Opsys is an indirect (third-tier) subsidiary of CDT Inc.

3.     On March 12, 2007, Petitioner obtained a jury verdict against Opsys on that claim.  On May 29, 2007, the California federal court entered a judgment against Opsys in the amount of $4,853,017 plus fees and costs (the "California Federal Judgment").  On June 28, 2007, Opsys appealed the California Federal Judgment to the United States Court of Appeals for the Ninth Circuit, where it is docketed as No. 07-16219.

4.     On April 2, 2007, Petitioner moved under Fed. R. Civ. P. 25(c) and 69 to add CDT Inc. as a party to the proceeding and the California Federal Judgment.  On August 29, 2007, the Court denied Petitioner's motion, ruling, *inter alia*, that CDT Inc. was not responsible for Opsys' liabilities under the lease.  On September 26, 2007, Petitioner appealed that ruling to the United States Court of Appeals for the Ninth Circuit, where it is docketed as No. 07-16773.

### This Action:  The "Turnover Proceeding"

5.     On or about October 5, 2007, Petitioner filed in the Supreme Court of the State of New York, County of New York, a Turnover Petition, together with supporting Memorandum of Law, the Affirmation of Christoph C. Heisenberg, and Notice of Filing of Foreign Judgment,

entitled "*Sunnyside Development Company, LLC, v. Bank of New York (as escrow agent), Cambridge Display Technology, Inc., and Opsys Management Limited,*" Case No. 113409-07 (the "Turnover Proceeding"), upon which the Court entered an Order to Show Cause.   A true and complete copy of each such document is attached herewith pursuant to 28 U.S.C. § 1446(a) as **Exhibit A** and made a part hereof.

6.     Petitioner brought the Turnover Proceeding in aid of its attempt to collect on the California Federal Judgment.

7.     By the Turnover Proceeding, Petitioner seeks to compel respondent The Bank of New York, as escrow agent ("BNY"), to deliver to Petitioner shares of common stock of CDT Inc. that CDT Inc. had placed in an escrow account with BNY (the "Escrowed Shares") back in December 2004.

8.     The escrow was created, and the Escrowed Shares were placed into the escrow account, pursuant to an Escrow Agreement between BNY (as escrow agent), CDT Inc. and respondent Opsys Management Limited ("OML") entered into in December 2004 as part of a transaction by which CDT Inc. acquired the equity of Opsys.

9.     Petitioner asserts (incorrectly) that Opsys has a proprietary interest in the Escrowed Shares.

10.     Opsys does not have any interest in the Escrowed Shares.

11.     Neither Opsys nor Petitioner is a party to the Escrow Agreement.

12.     The Escrow Agreement provides no rights to Opsys or Petitioner to direct disbursement or make claim on the Escrowed Shares.

13.     Petitioner is not identified in the Escrow Agreement.

## TIMELINESS OF REMOVAL

3

14.     The Turnover Petition (with supporting documents) and the Order to Show Cause were delivered to the undersigned counsel for CDT Inc. on or about October 9, 2007.

15.     Upon information and belief, the Turnover Petition (with supporting documents) and the Order to Show Cause were delivered to BNY on or about October 9, 2007.

16.     Upon information and belief, the Turnover Petition (with supporting documents) and the Order to Show Cause were sent via federal express to OML in London, England on or about October 9, 2007.

17.     Upon information and belief, a Restraining Notice to Garnishee dated October 4, 2007 was delivered to BNY on or about October 10, 2007. A true and correct copy of that Restraining Notice to Garnishee is attached herewith as **Exhibit B** and made a part hereof.

18.     As set forth in paragraphs 14 through 16 above, thirty (30) days have not elapsed since the service of the Order to Show Cause and Turnover Petition.

19.     Therefore, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(a)-(b).

20.     A copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York, and served on all named parties, as required by 28 U.S.C. § 1446(d).

21.     CDT Inc. reserves the right to supplement this Notice of Removal with information and additional bases for removal that may come to light upon further investigation. CDT Inc. further reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses or grounds that may independently support a basis for removal.

22.     In removing this action, CDT Inc. does not waive any rights or defenses, and expressly preserves its rights to assert the same.

500177792v5

## BASIS OF REMOVAL:  DIVERSITY JURISDICTION

23.     This Court has original jurisdiction over this civil action because there is complete diversity between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs, under 28 U.S.C. § 1332(a).

### Complete Diversity of Citizenship

24.     There is complete diversity of citizenship between the Petitioner and the respondents in this action because:

a.     Upon information and belief, Petitioner is a citizen of the State of California as a Limited Liability Company duly formed and registered under the laws of California with its principal place of business in Saratoga, California.

b.     None of the Respondents is a citizen of the State of California.

c.     Respondent CDT Inc. is a corporation established under the laws of Delaware with its principal place of business in Cambridgeshire, England.

d.     Respondent Opsys Management Limited ("OML") is a private corporation incorporated under the laws of the United Kingdom with its principal place of business in London, England.

e.     Respondent BNY is a citizen of the State of New York with its principal place of business in New York, New York.

f.     BNY is named in its capacity as "escrow agent." As such, BNY is a nominal respondent to this action.  Thus, its citizenship is not relevant to the removal determination.

25.     Petitioner does not allege that BNY has any interest in the assets at issue—the Escrowed Shares.  *See* **Exhibit A** (Turnover Petition).

26.    By contrast, Petitioner alleges that Opsys as the judgment debtor has an interest in the Escrowed Shares, and that respondents CDT and OML "might claim an interest in the escrowed assets." **Exhibit A**, Turnover Petition ¶¶ 5-7.

27.    As such, BNY is a nominal party, with no direct interest in the outcome of this action or the asserted "property," and its citizenship must be ignored when considering diversity jurisdiction under 28 U.S.C. § 1441(b). *See Am. Mfrs. Mutual Ins. Co. v. Manor Inv. Co.*, 286 F. Supp. 1007, 1010 (S.D.N.Y. 1968) ("In considering the requirements of 28 U.S.C. § 1441(b) with respect to non-citizenship of the defendants, nominal or formal parties who do not have a direct interest in the outcome must be ignored."), citing *Salem Trust Co. v. Mfrs. Finance Co.,* 264 U.S. 182, 190 (1924) (requiring the disregard for jurisdictional purposes of the citizenship of a party whose "only obligation is to pay over the amount deposited with it when it is ascertained which of the other parties is entitled to it."); *see also Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 477 F. Supp. 615, 621-22 (S.D.N.Y. 1979) ("Mere stakeholders or escrow agents which are not subject to liability in the lawsuit, are not real parties to the action, and their presence does not provide a basis for jurisdiction.").

28.    BNY and OML have each informed counsel for CDT Inc. that they have consented to this removal. For the reasons alleged in paragraphs 25 through 27 above, however, BNY's consent to removal is not required.

### Amount in Controversy

29.    By the Turnover Petition, Petitioner seeks an order requiring BNY to "transfer from escrow CDT shares sufficient to satisfy [the California Federal Judgment]" against Opsys.

30.    As described in paragraph 3 above, the California Federal Judgment is for $4,853,017 plus interest, costs and attorneys' fees. **Exhibit A**, Turnover Pet. ¶¶ 1, 28 and Requests for Relief 1-4.

31.    Thus, the amount in controversy exceeds $75,000 exclusive of interest, costs and attorneys fees. *See* 28 U.S.C. § 1332.

32.    Accordingly, this Court has original jurisdiction under § 1332(a)(1).

33.    Respondent CDT Inc. therefore can remove this action pursuant to 28 U.S.C. § 1441(a)-(b).

## CONCLUSION

34.    This removal is timely, and all conditions and procedures for removal have been satisfied, including those required by 28 U.S.C. § 1446 and the Local Rules of the United States District Court for the Southern District of New York. *See* 28 U.S.C. § 1446(a)-(b); Local Rule 81.1.

35.    All state-court papers served on CDT Inc. at the time of removal are attached as **Exhibit A**. *See* 28 U.S.C. § 1446(a).

36.    Based upon the above stated facts and legal principles, and in accordance with 28 U.S.C. § 1441(a)-(b), this entire action is properly removable to the United States District Court for the Southern District of New York.

WHEREFORE, CDT Inc., with the consent of all respondents, respectfully requests that this case be removed from the Supreme Court of the State of New York, County of New York, to this Court, and that this Court assume jurisdiction of this action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial.

500177792v5

New York, New York
Dated: October 12, 2007

Respectfully submitted,
PILLSBURY WINTHROP SHAW PITTMAN LLP

By: _____

Maria T. Galeno, Esq. (MG-6189)
John E. Davis, Esq. (JD-1445)
1540 Broadway
New York, New York  10036
Telephone: (212) 858-1000
Facsimile: (212) 858-1500

*Attorneys for Respondent Cambridge Display
Technology, Inc.*

OF COUNSEL:
Bruce A. Ericson, Esq.
Alice K. M. Hayashi, Esq.
Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
San Francisco, CA 94105-2228
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

8