# AFFIRMATION OF CHRISTOPH C. HEISENBERG

EXHIBIT B.doc

SUPREME COURT OF NEW YORK
COUNTY OF NEW YORK

---

SUNNYSIDE DEVELOPMENT COMPANY, LLC,

                Petitioner,

-v-

BANK OF NEW YORK (as escrow agent),
CAMBRIDGE DISPLAY TECHNOLOGY, INC. and
OPSYS LIMITED,

                Respondents.

Index No. 113409/07

**AFFIRMATION OF CHRISTOPH C. HEISENBERG IN SUPPORT OF PETITIONER'S ORDER TO SHOW CAUSE FOR A TURNOVER ORDER OF ESCROW ASSETS HELD BY BANK OF NEW YORK**

    1.    I am an attorney with Traiger & Hinckley LLP, counsel to Petitioner Sunnyside Development Company LLC (Sunnyside or Petitioner). I submit this Affirmation (1) to explain to the Court the urgency for having a hearing on the Turnover Order prior to October 17, 2007, and (2) to put before the Court copies of the relevant documents in support of Sunnyside's Petition.

    2.    Petitioner is a judgment creditor, and holds a judgment duly entered by the Clerk of the Court for the County of New York on October 4, 2007. It seeks a turnover of assets held in escrow by the Bank of New York for the benefit of the judgment debtor and its creditors.

**The Urgency For A Turnover Hearing Prior To October 17, 2007**

    3.    Petitioner requests that the Court hold a hearing on the turnover petition prior to October 17, 2007. The reason for this urgency is that Respondent CDT, Inc. (the parent of the judgment debtor, Opsys Limited) has announced that on that date it will

1

claim and remove all, or nearly all, of the remaining funds out of the escrow account. Respondents had represented to the United States District Court for the Northern District of California that the escrow account was "really where the plaintiff ought to be looking" to satisfy the judgment. Nonetheless, for months Respondents have blocked Petitioner's attempts to access the escrow account for this purpose.

4.   Accordingly, unless Petitioner's right to this escrow property is resolved prior to October 17, 2007, there is a risk that Respondents will remove the last of those assets held in New York. For this reason, it is respectfully submitted that it is crucial that the turnover order be entered before this date so as to provide Petitioner its proper priority.

**The Documents Submitted Herewith**

5.   The legal basis for the Order to Show Cause is described more fully in the accompanying Memorandum of Law. The documents referenced in that Memorandum of Law are submitted herewith.

6.   A copy of the judgment entered by the United States District Court for the Northern District of California on May 29, 2007 is attached hereto as **Exhibit A**.

7.   A copy of the October 23, 2002 Transaction Agreement is attached as **Exhibit B**, and the Amended Agreement, dated December 14, 2004 is attached hereto as **Exhibit C**.

8.   The December 29, 2004 Escrow Agreement at issue in this litigation was an exhibit to that Transaction Agreement, and is attached hereto as **Exhibit D**.

9. A copy of the August 29, 2007 Memorandum and Order entered by Judge Patel of the United States District Court for the Northern District of California is attached as **Exhibit E**.

10. A copy of Opsys Limited's Memorandum In Opposition To Motion To Add Cambridge Display Technology, Inc. As A Party And Judgment, filed with the United States District Court on April 23, 2007 is attached as **Exhibit F**.

11. A copy of CDT Inc.'s Memorandum In Opposition To Pl.'s Motion To Add CDT Inc. As A Party To Action & Judgment, filed with the United States District Court on May 7, 2007 is attached as **Exhibit G**.

12. A copy of the Affirmation of CDT, Inc.'s Chief Financial Officer, Michael Black, dated May 8, 2007, is attached as **Exhibit H**.

13. Petitioner, through its counsel, has made repeated demand for payment from escrow. Copies of the August 8, 2007, September 17, 2007 and September 29, 2007 demands are attached as **Exhibit I**.

14. CDT has refused these numerous demands for payment of the Judgment out of escrow account. A copy of a September 4, 2007 letter from CDT, Inc. to Sunnyside and a copy of a September 25, 2007 letter from CDT, Inc.'s counsel, Pillsbury Winthrop Shaw & Pittman LLP are attached as **Exhibit J**.

15. A true and correct excerpt of the May 16, 2007 argument before the United States District Court for the Northern District of California is attached as **Exhibit K**.

16. No prior application has been made for the relief requested herein.

3

**CONCLUSION**

17.     Based upon the attached documents, and the reasons set forth in the accompanying Memorandum of Law, I respectfully request that the Court direct the Bank of New York, as escrow agent, to turn over to Petitioner all of the assets that remain in the escrow account.

Dated: New York, New York
       October 4, 2007

_____
Christoph C. Heisenberg

4