# EXHIBIT I TO THE AFFIRMATION

EXHIBIT A TO THE AFFIRMATION.doc

# BARTKOZANKEL
### Bartko·Zankel·Tarrant·Miller

Robert H. Bunzel
rbunzel@bzfm.com

Our File: 2103.000

*A Professional Corporation*
900 Front Street, Suite 300
San Francisco, CA 94111
p: 415.956.1900
f: 415.956.1152
www.bzfm.com

August 8, 2007

The Bank of New York
Corporate Trust Division
101 Barclay Street, 8th Floor West
New York, NY 10286
*Attn: Odell Romeo, Assistant Treasurer*

Opsys Management Limited
c/o Alexis Zervoglos
15 Ranelagh Grove
London SW1W 8PA
United Kingdom
Company No. 05307954

Cambridge Display Technology, Inc.
c/o Bruce Ericson, Esq.
Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
San Francisco, CA 94105-2230

Opsys Limited
c/o James E. Burns, Jr., Esq.
Justin M. Lichterman, Esq.
Orrick Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105

> Re:  Escrow Agreement dated December 29, 2004 between Cambridge Display
>      Technology, Inc., The Bank of New York and Opsys Management
>      Limited; Claim of:
>      *Sunnyside Development LLC v. Opsys Limited, et al.*

Gentlepersons:

I write on behalf of Sunnyside Development LLC ("Sunnyside"), which on
May 29, 2007 received the enclosed Judgment against Opsys Limited in the amount of
$4,853,017 plus interest, in the Northern District of California, Case No. C 05-00553 MHP.
Opsys Limited has appealed from the judgment, but has posted no bond staying enforcement.

2103.000/331418.2

August 8, 2007
Page 2

Sunnyside has asked the Court to award Sunnyside an additional approximate $1 million in attorney's fees and costs, and is awaiting the Court's decision on its motion.

Prior to trial of Sunnyside's claim, Opsys Limited took the position that any liability to Sunnyside was an obligation of its affiliate Opsys US, only. That position has been rejected by the jury and the Court in the resulting Judgment, such that it is now the established fact that before the Opsys Limited transaction with Cambridge Display Technology, Inc. ("CDT") closed in December 2004, Opsys Limited had materially breached its lease with Sunnyside, and owes Sunnyside approximately $4.85 million in unpaid rent and other losses dating back to 2002, subject to interest on the Judgment sum at the rate specified therein, and attorney's fees and interest on the attorney's fee and cost award once that issues.

We understand that in the sale of Opsys Limited to CDT for CDT stock, certain CDT stock was escrowed in part to potentially satisfy contingent or previously undisclosed liabilities of Opsys Limited, pursuant to a Transaction Agreement dated October 23, 2002, an Amended and Restated Settlement and Amendment Agreement dated December 14, 2004, and an Escrow Agreement dated December 29, 2004.

On February 2, 2005, Stephen Chandler of CDT wrote to The Bank of New York regarding Sunnyside's claim against Opsys Limited, which at that point was unliquidated but is now a sum certain (subject to determination of the fee and cost award). We understand that Opsys Management Limited ("OML") objected to CDT's claim and that the shares then demanded by CDT (which are in any event insufficient to satisfy Opsys Limited's liability to Sunnyside) may not have been transferred to the control of CDT. Any objection of OML to Sunnyside's claim is now moot given the jury verdict and unbonded Judgment.

While Sunnyside has asserted and continues to assert that Opsys Limited's liability to Sunnyside is also the liability of CDT or its affiliates, CDT has denied such assertions and the issue of CDT's own liability to Sunnyside for the debt of Opsys Limited remains the subject of legal proceedings. Sunnyside further asserts that assets of Opsys Limited existing at the time the lawsuit by Sunnyside against Opsys Limited commenced, including an 84% interest in a CDT affiliate known as CDT Oxford Limited subsequently transferred to CDT or Cambridge Display Technology Limited, may be appropriate to satisfy Opsys Limited's liability to Sunnyside.

Therefore, and without waiving any rights, including those specifically noted above, against CDT, Cambridge Display Technology Limited, Opsys Limited, or any person or company succeeding to any assets of Opsys Limited, this letter serves as Sunnyside's demand that the liability of Opsys Limited to Sunnyside described in this letter be satisfied (though not exclusively) from any CDT shares held or previously held in any escrow account or sub-account related to CDT's acquisition of Opsys Limited.

It is anticipated that the Bank as escrow agent will note in its records and confirm to us that Sunnyside's claim has been properly registered with a liquidated value as described

2103.000/331418.2

August 8, 2007
Page 3

above, and subject to determination of the fee and cost award as to which we will apprise you once ruled on. It is also anticipated that the Bank will provide a brief statement to us of the number of CDT shares in any account or sub-account related to CDT's acquisition of Opsys Limited from December 2004 to the present.

Please advise regarding the method for liquidating and distributing all escrow shares.

Very truly yours,

Bartko·Zankel·Tarrant·Miller
*A Professional Corporation*

Robert H. Bunzel

RHB/alh
Enclosure



**BARTKOZANKEL**
Bartko·Zankel·Tarrant·Miller | Lovitt & Hannon, Inc. *of Counsel*

*A Professional Corporation*
900 Front Street, Suite 300
San Francisco, CA 94111
p: 415.956.1900
f: 415.956.1152
www.bztm.com

Robert H. Bunzel
rbunzel@bztm.com

Our File: 2103.000

September 17, 2007

<u>VIA FACSIMILE</u>

The Bank of New York
Corporate Trust Division
101 Barclay Street, 8th Floor West
New York, NY 10286
*Attn: Odell Romeo, Assistant Treasurer*
Facsimile: (212) 815-5877

<u>VIA FEDERAL EXPRESS AND EMAIL</u>

Opsys Management Limited
c/o Alexis Zervoglos
15 Ranelagh Grove
London SW1W 8PA
United Kingdom
Company No. 05307954
Email: <u>alexis.zervoglos@opsysdisplays.com</u>

Alexis Zervoglos
40 Sloane Court West
London  SW3 4TB
United Kingdom

<u>VIA FACSIMILE</u>

Cambridge Display Technology, Inc.
c/o Bruce Ericson, Esq.
Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
San Francisco, CA 94105-2230
Facsimile:  (415) 983-1200

2103.000/333395.1

September 17, 2007
Page 2

VIA FACSIMILE

Opsys Limited
c/o James E. Burns, Jr., Esq.
Justin M. Lichterman, Esq.
Orrick Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA  94105
Facsimile:  (415) 773-5759

          Re:    Sunnyside Development LLC v. Opsys Limited, et al.

Gentlepersons:

          On August 8, 2007 I wrote the above parties on behalf of Sunnyside Development LLC ("Sunnyside"), which on May 29, 2007 received Judgment against Opsys Limited in the amount of $4,853,017 plus interest, in the Northern District of California, Case No. C 05-00553 MHP, regarding the CDT, Inc. stock held by The Bank of New York and Opsys Management Limited (OML).[1]

          Sunnyside on August 29, 2007 was further awarded its attorney's fees as the prevailing party, which we estimate will be approved by the Court in a sum in excess of $800,000. Also on August 29, 2007, the Court ruled that CDT, Inc. is not directly liable as the successor to Opsys Limited on the Judgment. In so ruling, the Court relied specifically on statements made by CDT in opposing Sunnyside's application:

> Additionally, 422,610 shares of CDT, Inc. stock, valued at
> $5,071,320 went into escrow [at The Bank of New York] as
> security for contingent and unidentified liabilities. Black Decl ¶ 28,
> Exh. D at 9-10. The remaining CDT, Inc. shares constituting the
> payment for the put option [for the acquisition of Opsys Limited
> stock by CDT] were distributed to Opsys management to be
> distributed between management and shareholders. Black Decl. ¶
> 29, Exh. B. *CDT Inc. claims that no shares have yet been
> distributed to shareholders, and will not be until other creditors
> have been paid off.* (Emphasis added.) Order p. 6

                               \*   \*   \*

---

[1]    On September 7, 2007, The Bank of New York provided me a current statement of the shares escrowed at the Bank. This statement did not provide the requested history of distributions since December 2004.

2103.000/333395.1

September 17, 2007
Page 3

> In any case, the contingent liabilities were ultimately the
> responsibility of Opsys Limited, not CDT, Inc., as indicated by the
> fact that *CDT, Inc. withheld consideration owed to Opsys Limited
> in order to satisfy contingencies*. (Emphasis added.) Order p. 11

Regarding the CDT, Inc. stock held by the Bank and OML, at the hearing on the motion
regarding CDT, Inc.'s potential liability on the Judgment, counsel for CDT, Inc. stated:

> Most of it is still sitting there in either in a formal escrow or in
> something that is the equivalent of an escrow, that is Opsys
> Management structure and is available...The money is there, it's
> basically there for the sake of creditors. And while I can't say
> whether it's easy or hard or something, I don't know that there's
> anything that prevents Mr. Bunzel and his client from looking
> through Opsys Management." RT May 16, 2007 pp. 56-7.

We are now informed that as early as September 19, 2007 there will be a
shareholder's vote on the merger between Sumitomo and CDT, and according to a September 4,
2007 letter from CDT (attached), "it would not be at all surprising if OML were to distribute that
cash" from Sumitomo to the former shareholders of Opsys Limited. That letter from Mr. Black
of CDT stated:

> The escrow itself is not an entity against which a claim can be
> made, but rather is an asset controlled jointly by OML and CDT
> Inc. and held as security in favour of CDT, Inc.
>
> *   *   *
>
> It appears from the letter from your lawyer that Sunnyside believes
> that it has a claim against the shares of CDT, Inc. owned by OML.
> If this is the case and Sunnyside fails to make any claim against
> these shares and they are cashed out and the funds distributed,
> CDT, Inc. can only view that failure as evidence that Sunnyside
> has not taken all reasonable steps to mitigate its losses.

Our letter dated August 8, 2007 provided: "...Sunnyside's demand that the
liability of Opsys Limited to Sunnyside described in this letter be satisfied (though not
exclusively) from any CDT shares held or previously held in any escrow account or sub-account
related to CDT's acquisition of Opsys Limited."

2103.000/333395.1

September 17, 2007
Page 4


          The Deferred Consideration Agreement between OML and the former
shareholders of Opsys Limited provides at Clause 8.4 that such parties delegated to OML the
power "in its sole discretion" to "postpone...the paying of any consideration to the Shareholders
or any other action permitted under this Agreement...or as the result of any reason outside of the
control of Opsys Management."

          The purpose of this letter is to put CDT, Inc., The Bank of New York and OML
on further notice that any distribution of consideration received from Sumitomo for CDT shares
to the former shareholders of Opsys Limited absent prior satisfaction of Sunnyside's Judgment
and attorney's fee award, would be in violation of the creditor rights of Sunnyside as regards an
established liability of Opsys Limited. Such a distribution would be tantamount to paying the
owners of Opsys Limited before paying its known creditors, and third parties who facilitate such
circumvention of creditor rights may be exposed for damages. The members of the Opsys
Deferred Consideration Committee who authorize any such distribution may have personal
liability. Kodak, as the largest potential beneficiary of such a distribution is notified by copy of
this letter that any funds it receives belong first and foremost to Opsys Limited's remaining
creditor Sunnyside.[2] Surely CDT, Inc. can control the circumstances for cancellation of its own
stock in connection with this transaction. Distribution of funds in the face of this claim and
demand might also cause Sunnyside to return to the Court in California for relief given the
statements from CDT, which the Court relied on, that share value remains available to satisfy the
Judgment.

          In the meantime, The Bank of New York and OML should interplead the disputed
funds or preserve them pending legal proceedings to determine the parties' respective rights.
Nothing in this letter is meant to diminish the right of Sunnyside to pursue enforcement of the
Judgment and fee award against Opsys Limited and its CDT affiliates.

                                        Very truly yours,

                                        Bartko·Zankel·Tarrant·Miller
                                                A Professional Corporation


                                        Robert H. Bunzel

RHB/anh
Enclosure

---

[2]      Pursuant to the December 2004 Deferred Consideration Agreement and the Amended and
Restated Settlement and Amendment Agreement, OML should notify any other affected parties
of this claim.

# TRAIGER & HINCKLEY LLP

ATTORNEYS AT LAW
880 THIRD AVENUE 9TH FLOOR
NEW YORK, NY 10022-4730
WWW.TRAIGERLAW.COM

TELEPHONE 212-845-9094
FACSIMILE   212-890-9790

Christoph C. Heisenberg
cheisenberg@traigerlaw.com

September 29, 2007

**BY ELECTRONIC MAIL**

Maria T. Galeno, Esq.
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036-4039

            Re:     **CDT, Inc. Escrow Agreement**

Dear Ms. Galeno:

        I write in response to your letter of September 25, 2007 concerning the claim by Sunnyside Development Company LLC ("Sunnyside"). Therein, you have referred me to the provisions of the Escrow Agreement (defined in the Transaction Agreement) as to Sunnyside's rights. Based thereon, Sunnyside requests the two following actions:

        First, the Sunnyside claim is subject to an outstanding Disbursement Notice, submitted on or about February 2, 2005 (a copy of which was attached to my September 27, 2007 letter to Bank of New York, Opsys Management Limited, and you). By the operation of section 4(e) of the Escrow Agreement, Sunnyside is entitled to payment **immediately** upon supplying a copy of the certified judgment of a court of competent jurisdiction establishing Sunnyside's Claim. (The certified judgment was re-submitted by my letter of September 27, 2007.) Accordingly, I ask that the Claim be paid **immediately** by having the Bank of New York wire $ 4,933,969.31 from the Escrow Account (the judgment and interest through to today) to:

        Traiger & Hinckley LLP Attorney Trust Account
        Account No.  03805867
        Citibank, N.A. (Branch #587)
        399 Park Avenue, Lower Level
        New York, NY 10022
        ABA Routing No.  021000089

        Your letter references the existence of the two subsequent Disbursement Notices, submitted September 19, 2007 by CDT, Inc. As your letter acknowledges, those claims arose years after Sunnyside's claim, and further, neither is eligible for distribution. Therefore, I fail to see the significance to the present request, as they are of no moment to Sunnyside's immediate right to be compensated on its Claim. Accordingly, we demand immediate satisfaction.

**TRAIGER & HINCKLEY LLP**
Maria T. Galeno, Esq.
September 29, 2007
Page 2

Second, please explain your statement that 569,209 shares are outside of the escrow. As noted in my September 27th letter (and the exhibits thereto), those shares were subject to section 5(a) the Escrow Agreement, which only permitted releases from escrow after a sufficient "Reserve Account" was withheld. Accordingly, by the express terms of the Escrow Agreement, those shares were not eligible for release to Opsys Management Limited. Please take note that we hereby expressly reserve all rights and remedies in the event that any such "Reserve Account" funds were wrongfully released from the Escrow Account, thereby becoming unavailable to satisfy the Sunnyside Claim. We certainly encourage you to take all steps necessary to mitigate the damages created by the wrongful release, by recapturing those shares (or their value) from the shareholders, particularly where they are tendering those shares to CDT, Inc. as part of the Sumitomo transaction.

I look forward to receiving the remaining escrowed assets, and also hearing your response as to when the Reserved Amounts will be paid.

Regards,

Christoph Heisenberg

Cc: Odell Romeo Bank of New York (c/o Alexander Shapiro, Esq.)