UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SUNNYSIDE DEVELOPMENT COMPANY, LLC,

                       Petitioner,

- against -                       Case No.: 07 CV 8825 (LLS) (TK)

BANK OF NEW YORK (as escrow agent),
CAMBRIDGE DISPLAY TECHNOLOGY, INC.
and OPSYS MANAGEMENT LIMITED,

                       Respondents.

---

**ANSWER TO THE PETITION OF
RESPONDENT THE BANK OF NEW YORK**

    Respondent The Bank of New York ("BNY"), incorrectly named herein as Bank of New York (as escrow agent), by its attorneys Emmet, Marvin & Martin, LLP, for its answer to the Turnover Petition filed by Sunnyside Development Company, LLC ("Petitioner"), and served on BNY on October 5, 2007 (the "Petition"), says as follows:

    1.    Denies the allegations of Paragraphs 1, 2 and 3 of the Petition, except admits that these Paragraphs purport to set forth Petitioner's summary description of this proceeding and its claims, and repeats as if here fully set forth its responses in this Answer to Paragraphs 4 through 28 of the Petition.

    2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Petition.

3.     Denies the allegations of Paragraph 5 of the Petition, except admits that BNY is headquartered at One Wall Street, New York, New York 10286; and further admits that Petitioner purports to bring this action pursuant to CPLR § 5201(c)(2); and further admits that BNY was engaged as Escrow Agent in respect of an Escrow Agreement executed by Cambridge Display Technology, Inc., Opsys Management Limited and BNY, dated as of December 29, 2004 (the "Escrow Agreement").

4.     Admits the allegations of the first sentence of Paragraph 6 of the Petition, on information and belief; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 6 the Petition.

5.     Admits the allegations of the first sentence of Paragraph 7 of the Petition, on information and belief; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 7 of the Petition.

6.     Denies the allegations of Paragraph 8 of the Petition, except admits that the provisions of the Escrow Agreement, including Paragraph 14, speak for themselves, and respectfully refers to those provisions for the full content thereof.

7.     Denies the allegations of Paragraph 9 of the Petition, except denies knowledge or information sufficient to form a belief as to the truth of the allegations related to any transaction agreement, and avers that the provisions of the Escrow Agreement speak for themselves, and respectfully refers to the Escrow Agreement for the full content thereof.

8.     Denies the allegations of Paragraph 10 of the Petition, except denies knowledge or information sufficient to form a belief as to the truth of the allegations

related to any transaction agreement, and avers that the provisions of the Escrow Agreement speak for themselves, and respectfully refers to the Escrow Agreement for the full content thereof.

9. Denies the allegations of Paragraphs 11, 12 and 13 of the Petition, except admits that these Paragraphs purport to set forth Petitioner's description of, and a quotation from, the Memorandum and Order, dated August 29, 2007, of the United States District Court for the Northern District of California (the "Memorandum and Order") issued in an action entitled *Sunnyside Development Company LLC v. Opsys Limited*, No. C 05 0553 MPH, (the "Sunnyside California Case"), and avers that the Memorandum and Order speaks for itself, and respectfully refers to the Memorandum and Order for the full content thereof.

10. Denies the allegations of Paragraph 14 of the Petition, except admits that this Paragraph purports to set forth Petitioner's quotation of an excerpt from a Memorandum of Law that was filed in the Sunnyside California Case, dated May 23, 2007, and avers that such document speaks for itself, and respectfully refers to such document for the full content thereof.

11. Denies the allegations of Paragraph 15 of the Petition, except admits that the provisions of the Escrow Agreement, including Paragraph 4(e), speak for themselves, and respectfully refers to the Escrow Agreement for the full content thereof.

12. Denies the allegations of Paragraph 16 of the Petition, except admits that the document entitled "Disbursement Notice" sent by Respondent CDT, Inc., dated February 2, 2005, and received by BNY thereafter, speaks for itself, and respectfully refers to that document for the full content thereof; and avers that BNY received three

3

documents entitled "Disbursement Notice" sent by Respondent CDT, Inc., two dated September 19, 2007 and one dated September 27, 2007; and further avers that these documents speak for themselves, and respectfully refers to those documents for the full content thereof.

13. Denies the allegations of the first sentence of Paragraph 17 of the Petition, except admits that the document entitled "Contest Notice" sent by Respondent Opsys Management Limited, dated February 10, 2005, and received by BNY thereafter, speaks for itself, and respectfully refers to that document for the full content thereof; and denies knowledge or information sufficient to form a belief as to the second and third sentences of Paragraph 17 of the Petition; and avers that BNY received a document entitled "Contest Notice in response to Disbursement Notice dated 27 September 2007" from Respondent Opsys Management Limited, dated October 12, 2007, and further avers that this document speaks for itself, and respectfully refers to this document for the full content thereof.

14. Denies the allegations of Paragraph 18 of the Petition, except admits that the provisions of the Escrow Agreement, including Paragraph 5(a), speak for themselves, and respectfully refers to those provisions for the full contents thereof.

15. Denies the allegations of Paragraph 19 of the Petition, except admits that the provisions of the Escrow Agreement, including Paragraph 4(e), speak for themselves, and respectfully refers to those provisions for the full content thereof.

16. Denies the allegations of the first sentence of Paragraph 20 of the Petition, except admits that this Paragraph purports to set forth Petitioner's legal conclusion; and further admits that BNY has received from Petitioner a Notice of Filing, dated October 5,

2007, attaching a copy of a judgment filed as a foreign judgment with the Clerk's Office, New York County, on October 4, 2007, which purports to be a true and accurate copy of the judgment entered in the Sunnyside California Case; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence insofar as they purport to describe that which Petitioner alleges has been submitted to the other parties to the Escrow Agreement.

17. Admits that Paragraph 21 of the Petition purports to incorporate the allegations of Paragraph 1 through 20 of the Petition, and repeats as if here fully set forth its responses in this Answer to Paragraphs 1 through 20 of the Petition.

18. Denies the allegations of Paragraph 22 of the Petition insofar as they purport to state a legal conclusion, except admits that the provisions of the Escrow Agreement, including Paragraph 4, speak for themselves, and respectfully refers to those provisions for the full content thereof.

19. Denies the allegations of Paragraph 23 of the Petition insofar as they purport to state a legal conclusion, except admits that the provisions of the Escrow Agreement, including Paragraph 4(e), speak for themselves, and respectfully refers to those provisions for the full content thereof.

20. Denies the allegations of Paragraph 24 of the Petition insofar as they purport to state a legal conclusion, except admits that the provisions of the Escrow Agreement, including Paragraph B, speak for themselves, and respectfully refers to those provisions for the full content thereof.

21. Denies the allegations of Paragraph 25 of the Petition, and repeats as if here fully set forth its response in this Answer to Paragraph 17 of the Petition.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Petition.

23. Denies the allegations of the first sentence of Paragraph 27 of the Petition; and denies the allegations of the second sentence, except admits that the provisions of the Escrow Agreement, including Paragraph 4(e), speak for themselves, and respectfully refers to those provisions for the full content thereof.

24. Denies the allegations of Paragraph 28 of the Petition, except admits that this Paragraph purports to set forth relief sought by Petitioner, and repeats as if here fully set forth its responses in this Answer to Paragraphs 1 through 27 of the Petition; and avers that there remain 126,082 shares of CDT, Inc. in the custody of BNY under the Escrow Agreement.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

25. BNY's rights and obligations as Escrow Agent are established entirely by the Escrow Agreement, and BNY is without authority to take action with regard to the funds or shares in its custody under the Escrow Agreement except in accordance with instructions from the parties to the Escrow Agreement, or as directed by Court order, given in accordance with the terms of the Escrow Agreement.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

26. Petitioner is not a party to the Escrow Agreement, and is without authority to give instructions to BNY with respect to the funds or shares in BNY's custody under the Escrow Agreement.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

27. BNY has been served by Petitioner with a "Restraining Notice to Garnishee," dated October 4, 2007, purporting to restrain the funds or shares held in Account No. 272698, and will make no disbursements of funds or shares in its custody under the Escrow Agreement without direction from the Court.

WHEREFORE, Respondent The Bank of New York respectfully requests that the Court enter an Order giving directions as to the disposition of the shares of CDT, Inc. in its custody under the Escrow Agreement, and grant such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
October 25, 2007

                                      EMMET, MARVIN & MARTIN, LLP,

                                      By: s/ Kenneth M. Bialo
                                            Kenneth M. Bialo (KB2145)

                                    120 Broadway,
                                    New York, New York 10271.
                                    Phone: (212) 238-3000

                                    *Attorneys for Respondent*
                                    *The Bank of New York*