

Cambridge Display Technology, Inc.
c/o Cambridge Display Technology Limited
Building 2020, Cambourne Business Park, Cambridgeshire CB23 6DW UK
Tel: +44 (0) 1954 713 600  Fax: +44 (0) 1954 713 620  www.cdtltd.co.uk

By Federal Express and Telecopy (+212-815-5877)

September 27, 2007

The Bank of New York
Corporate Trust Division
101 Barclay Street
8th Floor West
New York, New York 10286

Attention: Odell Romeo
           Assistant Treasurer

Ref: GLA-111/565, Customer Account # 272698

Dear Sir:

Re: Disbursement Notice

Pursuant to the Escrow Agreement dated December 29, 2004 (the "Escrow Agreement") among Cambridge Display Technology, Inc. ("Buyer"), Opsys Management Limited ("Newco") and The Bank of New York, as escrow agent (the "Escrow Agent"), Buyer hereby delivers this letter to the Escrow Agent as a "Disbursement Notice" within the meaning of Section 4(e) thereof. Reference is made to three separate Disbursement Notices, one of which is dated February 5, 2005 and the other two of which are each dated September 19, 2007, delivered to the Escrow Agent by Buyer (the "Prior Disbursement Notices"). The Prior Disbursement Letters are hereby amended and restated by this letter and, as so amended and restated, are referred to herein collectively as this "Disbursement Notice."

At the time the two most recent of the Prior Disbursement Notices were delivered, the General Sub-account (as defined in Section 2 of the Escrow Agreement) contained 126,082 shares of Buyer's common stock (the "General Escrow Shares"). Pursuant to the Agreement and Plan of Merger dated as of July 31, 2007 among Sumitomo Chemical Co., Ltd., Rosy Future, Inc. and Buyer (the "Merger Agreement"), the General Escrow Shares became no longer outstanding and automatically were canceled and retired and ceased to exist as of September 19, 2007 (which occurred after the delivery of the Prior Disbursement Notices and was the "Effective Time" within the meaning of the Merger Agreement). As of the Effective Time, the Escrow Agent, as the holder of the certificate or certificates representing the General Escrow Shares (the "CDT Certificates"), has the right to receive $1,512,984 in cash (which was calculated by multiplying the number of the General Escrow Shares by $12.00) upon surrender of the CDT Certificates in accordance with the Merger Agreement.

Because the estimate of the Claimed Amount referred to in clause (B) of paragraph (i) below exceeds $1,512,984, the General Sub-account shall be reduced to zero upon the transfer to Buyer from the General Sub-account pursuant to the terms of the Escrow Agreement as described below.

Accordingly, in connection with a Claim (as defined in Section 4(e) of the Escrow Agreement) that exists against Opsys Limited under the Judgment referred to in clause (A) of paragraph (i) below and pursuant to Section 4(e) of the Escrow Agreement, Buyer hereby instructs the Escrow Agent to transfer to Buyer from the General Sub-account, on the twentieth Business Day following the date of receipt of the Prior Disbursement Notices by the Escrow Agent and otherwise in accordance with the Escrow Agreement:

- $1,512,984 in cash, subject to the Escrow Agent's receipt thereof, in the event that, as of such twentieth Business Day, the Escrow Agent shall have surrendered the CDT Certificates pursuant to the Merger Agreement (such transfer, the "Cash Transfer"); and

- the CDT Certificates, in the event that, as of such twentieth Business Day, the Escrow Agent shall not have so surrendered the CDT Certificates (such transfer, the "Certificate Transfer").

In accordance with Section 4(e) of the Escrow Agreement, a copy of which Buyer has attached as Annex A, Buyer hereby informs the Escrow Agent that:

(i) As required by clause (i) of Section 4(e) of the Escrow Agreement, the following sets forth (A) "the amount of such Claim [against Opsys Limited] or a good faith estimate of the amount thereof together with [(B)] an estimate of any costs and expenses to be incurred in resolving such Claim (including, without limitation, reasonable attorneys' fees and expenses) (the 'Claimed Amount')":

(A) the amount of such Claim is, as provided in the judgment entered by the United States District Court of the Northern District of California styled *Sunnyside Development Company, LLC v. Opsys Limited* dated May 29, 2007 (No. C-05-0553-MHP) (the "Judgment"), $4,853,017.00 with interest thereon at the rate of 4.95% as provided by law and the costs of the plaintiff in the action relating thereto; and

(B) the estimate of the Claimed Amount exceeds $1,512,984, which estimate includes the costs and expenses incurred or to be incurred by Opsys Limited and Buyer in resolving such Claim, including, without limitation, reasonable attorneys' fees and expenses that, as of the date of this letter, exceed $1,512,984.

(ii) As required by clause (ii) of Section 4(e) of the Escrow Agreement, the following sets forth "a brief description of the facts giving rise to such Damages to the extent then know to the Buyer": the defense by Opsys Limited and Buyer of Action No. C-05-0553-MHP (which is the action relating to the Judgment) and the defense by Opsys Limited and Buyer of related proceedings, including the proceedings by which plaintiff sought to add Buyer to the Judgment pursuant to Rule 25(c) of the Federal Rules of Civil Procedure and the proceedings that plaintiff commenced on September

    19, 2007 in the Supreme Court of New York, County of New York styled *Sunnyside Development Company, LLC v. Opsys Management Limited, et al.,* No. 112617/07.

(iii) As required by clause (iii) of Section 4(e) of the Escrow Agreement, the following sets forth "payment instructions" for the transfer to Buyer of the Claimed Amount or the amount that "shall most nearly equal the amount" thereof:

 (A) in the event that such transfer is the Cash Transfer:

   Bank: Wachovia
   Account Holder: CDT Inc.
   A/c No. : 2000027332649
   ABA: 031201467

 (B) in the event that such transfer is the Certificate Transfer:

   Cambridge Display Technology, Inc.
   Cambourne Business Park
   Building 2020
   Cambourne Business Park
   Cambridge CB23 6DW
   United Kingdom
   Attention: Hilary Charles

This Disbursement Notice also constitutes Buyer's letter of instruction, within the meaning of clause (y) of Section 4(e) of the Escrow Agreement, specifying that Buyer is entitled to receive payment, whether in the form of the Cash Transfer or the Certificate Transfer, notwithstanding that the Escrow Agent shall have received a Contest Notice (as defined in Section 4(e) of the Escrow Agreement) from Newco to this Disbursement Notice or the Prior Disbursement Notices. Pursuant to such clause (y), Buyer (1) has attached as <u>Annex B</u> a certified copy of the Judgment, which has been entered by a court of competent jurisdiction establishing Opsys Limited's obligation in respect of such Claim described in clause (A) of paragraph (i) above, and (2) refers to clause (B) of paragraph (i) above as to the estimate of any costs incurred or to be incurred in connection with the resolution of such Claim and to clause (iii) above for payment instructions.

Yours faithfully,

*[signature]*

Michael Black
Chief financial Officer

cc: NewCo Ltd
    c/o Andrew Holmes
    Quester Capital Management Ltd
    29 Queen Anne's Gate
    London SW1H 9BU

    Michael Holmes
    3 Capel Close
    Oxford OX2 7LA

    Alexis Zervoglos
    15 Ranelagh Grove
    London SW3 4TB

Enclosures:
    Annex A — Section 4(e) of the Escrow Agreement
    Annex B — Certified copy of the Judgment

Annex A

Section 4(e) of the Escrow Agreement

4. Distributions from the Escrow Accounts.

\* \* \*

(e) In the event Buyer determines that any liability, contingent liability, claim, obligation or damage (collectively, "Claim") exists or has been asserted against Opsys (other than the Identified Liabilities up to the dollar amount withheld from the Option Exercise Price pursuant to Section 9.12 of the Transaction Agreement in respect of such Identified Liabilities) prior to the final termination of the Escrow Account hereunder, Buyer shall have the right (but not the obligation) to deliver to the Escrow Agent, with a copy to NewCo, a written notice (a "Disbursement Notice"). A Disbursement Notice shall set forth (i) the amount of such Claim or a good faith estimate of the amount thereof together with an estimate of any costs and expenses to be incurred in resolving such Claim (including, without limitation, reasonable attorneys' fees and expenses) (the "Claimed Amount"), (ii) a brief description of the facts giving rise to such Damages to the extent then known to the Buyer and (iii) payment instructions specifying the number of CDT Shares to be transferred to Buyer in respect thereof, which shall be equal to that number of CDT Shares (or any successor security thereto) held in the General Sub-account that when multiplied by the IPO Price (with appropriate adjustments for any Recapitalization) shall most nearly equal the amount of the Claimed Amount, *provided that*, if cash or other Qualified Investments are then held in such sub-account, such Claimed Amount shall be satisfied from cash (including cash obtained from liquidation of such Qualified Investments), on the one hand, and CDT Shares, on the other hand, pro rata based on the relative portions of the General Sub-account then comprised by each (with the CDT Shares being valued at the IPO Price (as adjusted for any Recapitalization) for such purpose) and the payment instructions to be provided to the Escrow Agent shall provide accordingly. On the twentieth Business Day following the date of receipt of such Disbursement Notice by the Escrow Agent, the Escrow Agent shall liquidate any such Qualified Investments and transfer to the Buyer cash and/or CDT Shares as specified in such payment instructions, *provided, however*, that if the Escrow Agent receives a Contest Notice (as defined in Section 4(f) hereof) from NewCo to such Disbursement Notice prior to the 15th Business Day following the date it receives such Disbursement Notice, the Escrow Agent shall disburse all or a portion of the amounts sought under such Disbursement Notice, but only in accordance with (x) joint written instructions executed by the Buyer and NewCo authorizing such disbursement or (y) a letter of instruction from the Buyer specifying the portion of the Claimed Amount to which it is entitled to receive payment and attaching a certified copy of a judgment of a court of competent jurisdiction or final award of an arbitration panel or settlement establishing Opsys' obligation in respect of such Claim together with an estimate of any costs and expenses incurred or to be incurred in connection with the resolution of the Claim relating to such Disbursement Notice together with payment instructions as provided above. It is expressly agreed that the failure by the Seller to deliver a Contest Notice within the time period specified above shall be deemed an irrevocable acceptance by NewCo of its liability for the Claimed Amount as set forth in such Disbursement Notice or for such portion of the Claimed Amount as to which NewCo did not object.

500173796v5

Annex B

Certified copy of the Judgment

**E-Filing**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNNYSIDE DEVEOPMENT COMPANY, LLC., <br> Plaintiff, <br> v. <br> OPSYS LIMITED, a United Kingdom Company, <br> Defendant. | No. C 05-00553 MHP <br><br> **JUDGMENT** <br> (Fed.R.Civ.P. 58) |

This action came on for trial before the court, the Honorable Marilyn Hall Patel, United States District Judge, presiding, and the issues having been duly tried before a jury and the jury having duly rendered its verdict,

IT IS HEREBY ORDERED AND ADJUDGED that plaintiff, SUNNYSIDE DEVELOPMENT COMPANY, LLC., recover of the defendant OPSYS LIMITED, the sum of $4,853,017.00, with interest thereon at the rate of 4.95 percent as provided by law, and its costs of action.

Date: May 29, 2007

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

I hereby certify that the annexed instrument is a true and correct copy of the original issued in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By _____ Deputy Clerk
Date 9-21-07